UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DISTRICT COURT DEPT.
CIVIL ACTION NO. 04CV10062GA0

|  |  |
|---|---|
| RBM Technologies, Inc., | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| Albert L. Lash, IV, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## MEMORANDUM OF REASONS IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

NOW COMES the plaintiff, RBM Technologies, Inc. (the "Company"), and submits the following Memorandum in Support of Plaintiff's Motion to Remand.  Defendant states as follows:

1.    On January 6, 2004, Plaintiff filed a Verified Complaint (the "Complaint") against Albert L. Lash, IV ("Lash") in the Middlesex Superior Court, Commonwealth of Massachusetts, captioned <u>RBM Technologies, Inc. v. Albert L. Lash, IV</u>, Civil Action  No. 04-0047.  A copy of the Complaint is attached hereto as Exhibit 1.  The Complaint asserts claims against Lash arising exclusively out of Massachusetts state law, including breach of contract, conversion, misappropriation of trade secrets and confidential information, declaratory judgment and violation of Massachusetts General Laws Chapter 272 § 99 (Q) (interception of wire communications).

2.    Plaintiff filed an accompanying Motion for Temporary Restraining Order and Preliminary Injunction on January 6, 2004, requesting Lash be enjoined from interfering with the domain name to the Company's internet website.   The Middlesex Superior Court (Chernoff, J.)

issued a Temporary Restraining Order against Lash on January 6, 2004 and a preliminary Injunction against Lash on January 8, 2004. A copy of the above orders are attached hereto as Exhibit 2.

3.    On January 9, 2004, Lash filed a Notice of Removal ("Notice") in the United States District Court for the District of Massachusetts. A copy of the Notice is attached hereto as Exhibit 3. The Notice alleges that the Complaint arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and that this Court has original jurisdiction of the case under 28 U.S.C. 1331 and 1338 and that the case is therefore removable under 28 U.S.C. § 1441. Specifically, defendant alleges that the breach of contract claim and misappropriation of trade secrets and confidential information claim arise under federal law. Notice, ¶ 3.

4.    The causes of action for breach of contract and misappropriation of trade secrets and confidential information arise out of an August 1, 2001 Engagement Letter (the "Contract") signed by the parties. A copy of the Contract is attached hereto as Exhibit 4. These causes of action arise exclusively under Massachusetts law.

5.    This Court may remove a state court case that is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441 (b). Under the "well-pleaded complaint rule," federal question jurisdiction exists only where the federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The fact that a plaintiff could have asserted federal claims but did not is not a basis for removing a case to federal court. Commonwealth v. Phillip Morris, Inc. 942 F.Supp. 690, 694 (D. Mass. 1996). The plaintiff is the "master of the claim," and may "avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. The defendant may not create federal jurisdiction by

2

asserting defenses or counterclaims that require interpretation of federal law. Id. at 399. The

removal statute is to be strictly construed against removal, with doubts resolved in favor of

remand. Kingsley v. Lania, 221 F.Supp.2d 93, 95 (D. Mass. 2002).

  6. Defendant concedes that plaintiff does not plead its claims under the Copyright

Act. Notice, ¶ 3. Instead, defendant claims that plaintiff's action falls within the "artful

pleading" exception to the "well pleaded complaint rule." Under the "artful pleading" exception,

removal is allowed where a plaintiff has omitted necessary federal questions in its pleading.

Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). Id. This occurs where the state

cause of action asserted has been entirely preempted by federal law. Id.; Franchise Tax Board v.

Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 23 (1983). Plaintiff

has not omitted any necessary federal questions in the Complaint, nor have any of the causes of

action alleged in the Complaint been preempted by federal law.

  7. The breach of contract claim arises exclusively under state law. An action for

breach of contract does not arise under federal copyright laws "merely because it relates to a

product that is the subject of a copyright." Royal v. Leading Edge Products, 833 F.2d 1, 2 (1st

Cir. 1987). Royal, like the instant case, involved a dispute over an employment contract and an

assignment of rights to software in the contract. After termination of his employment, an

employee sued in the United States District Court for the District of Massachusetts for breach of

a contract requiring his employer to pay royalties for the software and brought a declaratory

judgment action seeking a declaration that he was a co-owner of the copyright in the software.

The First Circuit Court of Appeals upheld the district court's dismissal of the complaint for lack

of subject matter jurisdiction. The court held that the nature of the claim, in "its very nature and

essence, is one for breach of contract." The Royal court quoted a Sixth Circuit patent case as

applicable in the context of the instant copyright case, stating that: "where an action is brought to enforce, set aside, or annul a contract, the action arises out of the contract, and not under the patent laws, even though the contract concerns a patent right." Id. at 4, quoting Combs v. Plough, Inc. 681 F.2d 469 (6th Cir. 1982).

8.      This case requires the same result. Plaintiff has brought an action to enforce its rights under the Contract. The cause of action is based upon a breach of contract, not a copyright infringement. To prevail on the claim, plaintiff will need to demonstrate that the parties entered an agreement, supported by consideration, that the plaintiff complied with the contract, that defendant breached the contract and that plaintiff suffered damages. Pultorak v. Lupien, 1994 WL 902909; 17 Bishop, Massachusetts Practice, § 2.1. None of the essential elements of the contract claim require application of federal law. Kingsley, 221 F.Supp. at 95.

9.      The misappropriation of trade secrets and confidential information cause of action also arises exclusively under state law. The rights protected by Massachusetts trade secret law are separate from those protected by federal copyright law. Data General Corporation v. Grumman Systems Support Corporation, 795 F.Supp. 501, 507 (D. Mass. 1992). In Data General, the United States District Court for the District of Massachusetts reviewed the legislative history surrounding the United States Copyright Act and determined that the Act was not intended to preempt state common law rights regarding trade secrets as long as the cause of action contained elements that are different in kind from copyright infringement. Id. The Data General Court determined that the Massachusetts' trade secret law, which requires a wrongful acquisition or retention of trade secrets, is not preempted. Id. In Data General, as here, the claim of wrongful retention of trade secrets was based on a violation of a duty of confidentiality. In this case, the Complaint alleges that Lash violated a duty not to disclose trade secrets he

4

possessed as a result of his former employment and that he has breached the Contract with regard to trade secrets. Therefore the misappropriation of trade secrets and confidential information arises under state law.

10.    Defendant cites a case from the United States District Court of Connecticut for the proposition that the trade secrets cause of action in the Complaint arises out of federal law. Cuisinart Corp. v. Appliance Science Corp., 1991 WL 329470, 21 U.S.P.Q.2d 1318 (1991). Cuisinart involved an action to prevent defendants from competing with the plaintiffs by using a coffeemaker design allegedly owned by the plaintiffs. The Cuisinart Court, in contrast with the Data General Court, held that the complaint in that case raised issues exclusively within the scope of the copyright act and raised federal issues by asserting ownership in the design. Id.

11.    The Cuisinart decision does not control the instant case. The Cuisinart Court held that under the plaintiff's complaint, the court would have to determine ownership by determining authorship of the designs under the copyright laws. Id. In this case, the plaintiff's complaint merely seeks to enforce the provisions of the Contract in which the defendant acknowledged that the Company owned the trade secrets and confidential information. Complaint, ¶ 60. Additionally, the Cuisinart Court focused on the fact that the Connecticut trade secret law requires the secret have independent value, and therefore required the plaintiff to demonstrate rights to use the design under copyright law. Id. at 3. Massachusetts law has no such requirement. Massachusetts General Laws, Chapter 93 § 42. The trade secret statute in Massachusetts creates a cause of action against anyone who "unlawfully takes, … any trade secret, **regardless of value.**" Id. (Emphasis added).

12.    There is no federal preemption over the trade secret claim in the Complaint. The decision in Data General controls this case. 795 F.Supp. 501. In Data General, this Court

5

conducted a thorough review of both the legislative history of the federal copyright laws and of the elements of the Massachusetts trade secrets law and concluded that Massachusetts state trade secrets law was not preempted. Id. In contrast, Cuisinart interpreted federal preemption of a Connecticut cause of action with different elements than those existing under Massachusetts law and reviewed a complaint with a different factual setting than exists in this case. 21 U.S.P.Q.2d 1318. Nothing in Cuisinart justifies abandoning this Court's holding in Data General.

13.    Defendant alleges that the case will ultimately require interpretation of federal copyright issues. Notice, ¶ 3. Defendant also suggests that he will dispute some of the facts alleged in the Complaint regarding the nature of his work with the Company and the legal status of the Contract between the parties. Notice, ¶ 2. He argues that under the facts and legal theory he presents, this case will require an application of federal copyright law. Notice, ¶ 3. These assertions are irrelevant to the issue of removal under 28 U.S.C. § 1441. The presence of a federal defense does not provide a basis for removal to federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). Defendant cannot transform a state law claim into a federal action by injecting a federal question. Id. at 399.

**WHEREFORE,** plaintiff, RBM Technologies, Inc., respectfully requests this Court to remand this case to the Middlesex Superior Court, Commonwealth of Massachusetts, and award payment of just costs and actual expenses, including attorneys fees, incurred as a result of this Motion, pursuant to 28 U.S.C. § 1447 (c).

Respectfully submitted,
RBM Technologies, Inc.,
By its attorneys,
THE McLAUGHLIN BROTHERS, P.C.

By: _____
George A. McLaughlin, III
BBO No. 544822
28 State Street, 31st Floor
Boston, MA  02109
(617) 523-7165

Dated:  February ____, 2004


## CERTIFICATE OF SERVICE

I, George A. McLaughlin, III, hereby certify that a true copy of the above document was served upon the attorney for every other party by mail to David Fanikos, Demeo & Associates, P.C., 227 Lewis Wharf, Boston, MA 02110, defendant's attorney on the 7th day of February, 2004.

_____
George A. McLaughlin, III

H:\RBM Technologies\PLEADINGS\REMAND MEMO OF REASONS.doc