UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RBM TECHNOLIGIES, INC.,

    Plaintiff,

v.

ALBERT L. LASH, IV,

    Defendant.

District Court Dept.
Civil Action No. 04CV10062GAO

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO REMAND**

Defendant, Albert L. Lash ("Lash") respectfully opposes Plaintiff's motion to remand this action to the Middlesex Superior Court, Commonwealth of Massachusetts. In support of his Opposition, Lash states as follows:

### INTRODUCTION

The Court should deny Plaintiff's motion because Defendant's removed state cause of action, which asserts, *inter alia*, breach of contract, conversion, and misappropriation of trade secrets and confidential information, cannot be resolved without interpreting federal Copyright law. Plaintiff erroneously asserts that it has not "artfully plead" its state law claims so as to avoid application of federal Copyright law. Simply stated, Plaintiff's claims arise out of and require the application and interpretation of United States Copyright law in order to resolve the dispute between the parties. Consequently, the Notice of Removal filed by Defendant is valid and this Court has original jurisdiction of the case under 28 U.S.C. §§ 1331 and 1338 and the case has been validly removed pursuant to 28 U.S.C. § 1441.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

Moreover, Lash has filed a separate cause of action with this Court alleging that RBM Technologies ("RBM") has infringed Lash's copyright in a software program ("Software Program") that he developed while working on his own and at a time when he was serving as a consultant and independent contractor for RBM. This separate copyright infringement cause of action will also require the Court to consider the efficacy of and to interpret the applicability of the alleged employment contract ("Contract") between Lash and RBM that underlies the removed state cause of action, inasmuch as the outcome of such consideration may cause part of the Software Program to be deemed to be owned by RBM. Significantly, no basis exists, and none can be alleged by RBM to exist, that would allow RBM to claim ownership of the entire Software Program, i.e., those portions of the Software Program developed by Lash before the Contract was entered into must, under any and all circumstances, be found to be owned by Lash. Thus, irrespective of the action this Court takes in connection with the defendant's motion to remand the state cause of action, the federal copyright cause of action brought by Lash will have to go forward. It would be in the interests of judicial economy to validate the removal of the state cause of action to this Court, so as to permit the eventual consolidation of these two separate causes of action into one litigation before this Court.

For all of these reasons, the Court should deny Plaintiff's motion to remand this cause of action to State court and should retain jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the spring of 2001, Lash began providing computer and Internet technology consulting services to RBM, at RBM's request. (Declaration of Albert Lash, dated February 18, 2004, ("Lash Decl.") ¶ 2.) While providing such services, Lash was presented with a proposal and an artistic mock-up that displayed a software application that RBM wanted to develop, named

"Merchandising Manager." (*Id.*) Although RBM had conceptualized the general idea for this software program that would enable bank and financial institutions to present their products and services via the Internet in a uniform manner, RBM had not taken any overt or affirmative steps toward developing and writing the code for the actual software product. (*Id.*) After being presented with the mock-up, Lash began to independently develop and write the code for his own Software Program that would bring the "Merchandising Manager" concept to life. (*Id.* at ¶ 3.)

While Lash continued to work as a consultant and independent contractor for RBM during the spring of 2001, he also continued to independently create, write and refine his Software Program. (*Id.*) Lash maintains that he independently created and wrote the code for the entire Software Program now commonly referred to by RBM as "Merchandising Manager." (*Id.*) He never had any input or assistance from any RBM employees. (*Id.*)

On or about August 1, 2001, i.e., well after Lash independently created and wrote his Software Program, RBM purported to enter into a written employment agreement (the "Contract") with Lash. (*Id.* at ¶ 4.) The Contract contained a number of material conditions that RBM failed to satisfy, including the conditions that required RBM to provide Lash with an annual salary, employee benefits and other like benefits that befit similarly situated employees of RBM. (*Id.*) (See also Plaintiff's Memorandum of Law ("Plaint. Mem. Law"), Ex. 4.) Due to its failure to satisfy these conditions, RBM never actually effectuated its alleged employer/employee relationship with Lash. (*Id.*) Because such material conditions were never met, Lash's relationship with RBM can only be classified as that of an independent contractor for RBM. (*Id.*)

Accordingly, Lash owns not only the copyright to the Software Program that he authored prior to the date when the parties entered into the Contract, because he developed the Software

3

Program independently, but he also owns the copyright to the portions of the Software Program he wrote after the date of the Contract, because there is no binding agreement that shifts authorship to RBM with respect to the portions developed after the date of the Contract. (*Id.*)

In December 2003, Lash filed for copyright registration of his Software Program with the U.S. Library of Congress. (*Id.*) To Lash's knowledge, RBM has never filed for copyright protection in his Software Program. (*Id.*)

Due to disagreements with RBM and its management over the future business prospects and direction for RBM and what RBM calls the "Merchandising Manager" software, Lash, on or about December 8, 2003, informed RBM that he would no longer be providing any consulting services to RBM. (*Id.* at ¶ 5.)

Shortly thereafter, on or about January 6, 2004, Plaintiff RBM filed a Verified Complaint (the "Complaint") against Lash in the Middlesex Superior Court, Commonwealth of Massachusetts, captioned *RBM Technologies, Inc. v. Albert L. Lash, IV*, Civil Action No. 04-0047. (Plaint. Mem. Law, Ex. 1.) The Complaint asserts claims against Lash allegedly arising out of Massachusetts state law, including breach of contract, conversion, misappropriation of trade secrets and confidential information, declaratory judgment and violation of Massachusetts General Laws Chapter 272 Section 99 (Q) (interception of wire communications). (*Id.*) Concurrent with the filing of the Complaint, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction. (*Id.*) A temporary restraining order limited to domain name issues was issued against Lash on January 6, 2004 and a preliminary injunction was issued against Lash on January 8, 2004, again with respect to a corollary dispute involving domain name ownership issues. (Plaint. Mem. Law., Ex. 2.)

On January 9, 2004, Lash filed the subject Notice of Removal ("Notice") in the United States District Court for the District of Massachusetts. (Plaint. Mem. Law., Ex. 3; Lash Decl. ¶ 6.) Concurrent with this Notice, Lash filed a separate lawsuit in the United States District Court for the District of Massachusetts alleging copyright infringement of the Software Program against RBM. (Lash Decl. ¶ 6.) Plaintiff filed its Motion to Remand on February 4, 2004. (*Id.*)

## ARGUMENT

### A. Due to the Pending Copyright Infringement Action Before This Court, Involving the Same Parties, it is in the Interests of Judicial Economy to Deny Plaintiff's Motion to Remand.

Lash has filed a separate cause of action with this Court alleging that RBM Technologies ("RBM") has infringed Lash's copyright in a Software Program that he developed while working on his own and at a time when he was serving as a consultant and independent contractor for RBM (captioned *Lash v. RBM Technologies*). Because this separate cause of action will also require the Court to consider and interpret the alleged employment Contract between Lash and RBM, to determine whether Lash or RBM owns the copyright in the portions of the Software Program developed after the date of the Contract, it would be in the interests of judicial economy to validate the removal of the state cause of action to this Court, so as to permit the eventual consolidation of these two separate causes of action into one litigation before this Court.

### B. Plaintiff RBM has Artfully Plead its Alleged State Law Claims to Avoid a Necessary Application and Interpretation of U.S. Copyright Law.

"Even though state law creates [a party's] cause of action, its case might still 'arise under' the laws for the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 13 (1983)). Where a

party asserts claims that "turn on" federal law or "arise under" federal law, that party can no longer rely on the principle that the plaintiff is the "master of the complaint," but must anticipate that the defendant would remove the case to federal court. *Id.* Moreover, once a case is removed to federal court because such federal court has original jurisdiction, that federal court also has supplemental jurisdiction over all other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* at 165.

In the present dispute, Plaintiff RBM should have anticipated that Lash would seek to remove the state claims to federal court, based on the fact that the resolution of these claims necessarily requires the application and interpretation of federal Copyright law. RBM bases a number of its state claims on the alleged Contract between RBM and Lash. Although the Contract had the primary purpose of describing and governing an employer and employee relationship between RBM and Lash, it also contains provisions regarding the ownership of any Intellectual Property, including Copyrights, authored by Lash during such alleged employment. (See Plaint. Mem. Law, Ex. 4, page 9.) RBM erroneously assumes that this Contract is valid and binding against the parties and puts much emphasis on its alleged ownership of the Merchandising Manager software. In furtherance of this assumption, RBM's Complaint, Motion to Remand and Memorandum of Law in support thereof blatantly omit any mention of Lash's competing claim of copyright ownership to his Software Program. Rather, RBM claims that Lash was merely hired to "refine" the Merchandising Manger software. (Complaint, ¶ 13.) On all appearances, RBM is attempting to protect its alleged proprietary interest in the Merchandising Manager software by circumventing any legal analysis of whether it even has a proprietary interest in Lash's Software Program.

To this end, RBM has asserted a breach of contract cause of action ostensibly based on Massachusetts state law and has sought the protection of an invalid employment agreement. Under the "artful pleading" exception to the "well-pleaded complaint rule," removal is allowed where a plaintiff has omitted a federal question in its pleading. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). As such, the present dispute is distinguishable from the case presented in *Royal v. Leading Edge Products, Inc.*, 833 F.2d 1 (1st Cir. 1987). In *Royal*, the plaintiff sought a declaratory judgment that he was a co-owner of the copyright in a software program. The plaintiff argued that the issue of his co-ownership of the copyright turned on federal copyright law, based on his belief that the royalty agreement that he entered into with defendant no longer controlled the issue of copyright ownership, following defendant's alleged breach thereof. However, upon analysis, the First Circuit determined that the alleged breach of the royalty agreement did not alter the fact that the defendant owned the copyright to the software program and, therefore, Plaintiff could only obtain remedies for the alleged breach of the royalty agreement under state law.

Unlike *Royal*, the ownership of the Software Program at issue in the present case cannot easily be resolved and cannot be resolved without interpreting the Contract between the parties and applying the work-made-for-hire doctrine under Copyright law. Accordingly, RBM has not plead a straightforward breach of contract cause of action because RBM has omitted material facts that support Lash's ownership of the portions of the Software Program developed before the date of the Contract and the invalidity of the alleged Contract. RBM alleges that the Contract that it entered into with Lash is binding. However, RBM failed to satisfy several material conditions of that employment Contract. Consequently, it is arguable whether RBM and Lash ever consummated an employer and employee relationship under that Contract. As such and in

order to resolve RBM's breach of contract cause of action, this Court must not only evaluate whether the Contract is binding, but also, whether copyright ownership of the Software Program inures to RBM's or Lash's benefit.

If the Contract is not binding, this Court will have to evaluate the conduct between RBM and Lash to determine which party owns the copyright to which portions of the Software Program Lash independently created and wrote. There can be no breach of the Contract, no conversion, no theft of trade secrets, and no unfair competition by Lash if he was properly exercising ownership rights over his own Software Program. Based on these factual inconsistencies, it is clear that RBM has "artfully plead" its state law claims to avoid the necessary application of Federal Copyright law and that Lash is not attempting to merely inject a federal question into these alleged state law causes of action.

Likewise, Plaintiff's misappropriation of trade secrets and confidential information cause of action arises under federal law. This Court in *Data General Corporation v. Grumman Systems Support Corporation*, 795 F. Supp. 501, 507 (D. Mass. 1992) determined that Federal Copyright law will not preempt a state trade secrets cause of action where that state cause of action contains at least one element different from a cause of action for copyright infringement. In the present dispute, Plaintiff RBM's trade secrets cause of action does not contain that extra element. Before the trade secrets cause of action can even be resolved on its merits, the ownership of the portions of Lash's Software Program independently created and written by him before the date of the Contract and the validity of the alleged Contract between RBM and Lash must be assessed. If this Court finds that Lash owns all or a portion of his Software Program, or that the alleged Contract cannot be enforced against the parties, then Lash had no duty not to disclose any alleged trade secrets. Moreover, if this Court finds that Lash owns the copyright to

the Software Program in its entirety, then Lash could not wrongfully acquire or retain the alleged trade secrets owned by RBM.

As Plaintiff RBM itself argues in its Memorandum of Law in support of its Motion to Remand, it is "merely seek[ing] to enforce the provisions of the Contract in which the defendant acknowledged that the Company owned the trade secrets and confidential information." See Complaint, ¶ 60. However, Plaintiff cannot automatically enforce the provisions of the Contract where the validity of the Contract is in doubt. Irrespective of whether the alleged trade secrets have independent value or not, this trade secrets cause of action will not be resolved, as RBM asserts, through a straightforward application and enforcement of the provisions in the alleged Contract.

Plaintiff has taken great lengths to omit every fact that necessarily invokes and implies Federal Copyright law in its Complaint, Motion, and Memorandum of Law. Plaintiff cannot hide behind these omissions in claiming that it has plead a simple case that arises solely under state law. The entire resolution of this case turns on whether or not the Contract is enforceable against the parties and subsequently turns on whether or not RBM or Lash owns the copyright to the Computer Software. Plaintiff cannot avoid the interpretation of the Contract and the federal question of Copyright Law regarding ownership of the copyright to the Software Program by simply pleading around this question through "artful pleading." Moreover, by retaining jurisdiction over the alleged state causes of action, the parties will be able to consolidate their two separate actions based upon the same facts into one dispute before this Court.

9

## CONCLUSION

For the foregoing reasons, Defendant Lash respectfully requests that Plaintiff's Motion to Remand this action to the Middlesex Superior Court, Commonwealth of Massachusetts, be denied in all respects.

Respectfully Submitted,

ALBERT L. LASH, IV
By his Attorneys,

David W. Fanikos, BBO No. 564303
DEMEO & ASSOCIATES, P.C.
227 Lewis Wharf
Boston, MA 02110
Telephone: (617) 263-2600
Facsimile: (617) 263-2300

GRIMES & BATTERSBY, LLP
Charles W. Grimes, Esq.
Jessica L. Elliott, Esq.
488 Main Avenue
Norwalk, CT 06851
Telephone: (203) 849-8300
Facsimile: (203) 849-9300

Attorneys for Defendant
Albert L. Lash, IV

Dated: February 18, 2004

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant's Memorandum in Opposition to Plaintiff's Motion To Remand, as well as the Declaration of Albert Lash in support thereof, have been served upon Plaintiff RBM Technologies, Inc., on this 18th day of February 2004, via U.S. Mail, First Class, postage prepaid, to:

George A. McLaughlin, Esq.
THE MCLAUGHLIN BROTHERS, P.C.
28 State Street, 31st Floor
Boston, MA  02109

David W. Fanikos

11