UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RBM TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERT L. LASH, IV,<br><br>    Defendant. | District Court Dept.<br>Civil Action No. 04CV10062GAO<br><br>**DECLARATION OF<br>ALBERT L. LASH, IV** |

I, ALBERT L. LASH, pursuant to the requirements of 28 U.S.C. §1746, declare that the following is true and correct under the penalties of perjury:

1. I am familiar with the facts set forth herein and I make this declaration upon personal knowledge. I am over 18 years of age and I reside at 32 Bishop Road #4, Quincy, MA 02170. I submit this declaration in support of Defendant's Response in Opposition to Plaintiff's Motion to Remand.

2. In the spring of 2001, I began providing computer and Internet technology consulting services to RBM, at RBM's request. While providing such services, I was presented with a proposal and an artistic mock-up that displayed a software application that RBM wanted to develop, named "Merchandising Manager." Although RBM had conceptualized the general idea for this software program that would enable bank and financial institutions to present their products and services via the Internet in a uniform manner, RBM had not taken any overt or affirmative steps toward developing and writing the code for the actual software product.

3.  After being presented with the mock-up, I began to develop and write the code for my own Software Program that would bring the "Merchandising Manager" concept to life. While I continued to work as a consultant and independent contractor for RBM during the spring of 2001, I also continued to independently create, write and refine my Software Program. I independently created and wrote the code for the entire Software Program now commonly referred to by RBM as "Merchandising Manager." I never had any input or assistance from any RBM employees.

4.  On or about August 1, 2001, well after I independently created and wrote my Software Program, RBM purported to enter into a written employment agreement with me (the "Contract"). The Contract contained a number of material conditions that RBM failed to satisfy, including the conditions that required RBM to provide me with an annual salary, employee benefits and other like benefits that befit similarly situated employees of RBM. Due to its failure to satisfy these conditions, RBM never actually effectuated its alleged employer/employee relationship with me. Because such material conditions were never met, my relationship with RBM can only be classified as that of an independent contractor for RBM. Accordingly, I own not only the copyright to the Software Program that I authored prior to the date when I entered into the Contract, because I developed the Software Program independently, but I also own the copyright to the portions of the Software Program I wrote after the date of the Contract, because there is no binding agreement that shifts authorship to RBM with respect to the portions developed after the date of the Contract. In December 2003, I filed for copyright registration of my Software Program with the U.S. Library of Congress. To my knowledge, RBM has never filed for copyright protection in my Software Program.

5.   Due to disagreements with RBM and its management over the future business prospects and direction for RBM and what RBM calls the "Merchandising Manager" software, I, on or about December 8, 2003, informed RBM that I would no longer be providing any consulting services to RBM.

6.   On January 9, 2004, upon the advice of my attorneys, I filed the subject Notice of Removal ("Notice") in the United States District Court for the District of Massachusetts. Concurrent with this Notice, I filed a separate lawsuit in the United States District Court for the District of Massachusetts alleging copyright infringement of the Software Program against RBM. Plaintiff filed its Motion to Remand on February 4, 2004.

I hereby declare that the foregoing is true and correct under penalty of perjury.

Dated: February 18, 2004

*Albert L. Lash IV*
———————————
Albert L. Lash, IV

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON (EACH PARTY APPEARING PRO SE AND) THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND BY FEDERAL EXPRESS, BY TELECOPIER).

_____    _____
     Date                Signature