FILED DISTRICT COURT DEPT.
CLERKS OFFICE CIVIL ACTION NO. 04CV10062GA0

2004 JUN -7 P 2: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| RBM Technologies, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Albert L. Lash, IV, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff, RBM Technologies, Inc. ("RBM"), answers each of the correspondingly numbered paragraphs of the Counterclaim by plaintiff Albert L. Lash, IV ("Lash") as follows:

80. RBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegation.

81. RBM admits that it is in the business of developing, writing, marketing and selling software products to third parties.

82. RBM admits that, on or about May 1, 2001, RBM hired Lash to write some software code for it. Except as aforesaid, the allegations in this paragraph are denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied

89. Denied

90. RBM admits that, on or about August 1, 2001, it entered into a written employment contract (the "Contract") with Lash pursuant to which Lash served as RBM's Vice President and Managing Director of Technology. Except as aforesaid, the allegations in this paragraph are denied.

91. The Contract speaks for itself.

92. Denied.

93. Denied.

94. Admitted.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100.    RBM admits that, due to an accounting error, income and FICA taxes were inadvertently not withheld. Except as aforesaid, the allegations in this paragraph are denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    RBM admits that during October 2001 Lash developed and revised some of the source code for RBM's software. Except as aforesaid, the allegations in this paragraph are denied.

105.    Denied.

106.    RBM admits that in January 2002 Lash took a week-long vacation. Except as aforesaid, the allegations in this paragraph are denied.

107.    Denied.

108.    Denied.

109.    RBM admits that during the latter half of 2003 Lash and RBM had discussions and disagreements regarding the future prospects and future financial success of RBM's software and the possibility of bringing on a salesperson to market RBM's software. Except as aforesaid, the allegations in this paragraph are denied.

110.    RBM admits that in or about November 2003 Lash presented to RBM an expense sheet seeking reimbursement for expenses incurred approximately 12 months previously and without RBM's prior approval (as required). RBM further admits it refused to reimburse Lash for these particular expenses. Except as aforesaid, the allegations in this paragraph are denied.

111.    RBM admits that Lash, by his attorneys, provided RBM written notice on December 8, 2003 that he was terminating his relationship with RBM and that it was Lash's position that he had ownership rights, including copyright ownership, to certain software. RBM further admits that a copy of the written notice is attached as Exhibit 1 to the Counterclaim. The written notice speaks for itself. Except as aforesaid, the allegations in this paragraph are denied.

112.    RBM is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegation.

113.    Denied.

114.    Denied

115.    RBM admits that Lash altered passwords affiliated with the domain names
        registered in RBM's name after he terminated his employment.  Except as aforesaid,
        the allegations in this paragraph are denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    RBM denies that Lash has any right to claim copyright ownership or any other
        rights in the subject software.  Except as aforesaid, RBM is without information or
        knowledge sufficient to form a belief as to the truth of the allegations in this
        paragraph and the allegations are therefore denied.

122.    Denied.

123.    Denied.

## FIRST COUNTERCLAIM

### DECLARATORY JUDGMENT THAT CONTRACT IS VOID

124.    RBM realleges and incorporates by reference paragraphs 1 through 79 of
        Plaintiff's Verified Complaint (the "Complaint") and realleges and incorporates by
        reference its answers to paragraphs 80 through 123 above.

125.    Admitted.

126.    Denied.

127.    Denied.

4

## SECOND COUNTERCLAIM

### BREACH OF CONTRACT

128.    RBM realleges and incorporates by reference paragraphs 1 through 79 of the
Complaint and realleges and incorporates by reference its answers to paragraph 80
through 123 and 125 through 127 above.

129.    Denied.

130.    Denied.

## THIRD COUNTERCLAIM

### MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL INFORMATION

131.    RBM realleges and incorporates by reference paragraphs 1 through 79 of the
Complaint and paragraphs 80 through 123, 125 through 127 and 129 through 130
above.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

## FOURTH COUNTERCLAIM

### VIOLATION OF G.L.C. 272 §99(Q)

136.    RBM realleges and incorporates by reference paragraphs 1 through 79 of the
Complaint and paragraphs 80 through 123, 125 through 127, 129 through 130 and
132 through 135 above.

137.    Denied.

138.    Paragraph 138 of the counterclaim states a conclusion of law and hence does not require a response.

139.    Denied.

140.    Denied

## FIFTH COUNTERCLAIM

## VIOLATION OF ELECTRONICS COMMUNICATION PRIVACY ACT
## 18 U.S.C. §§ 2510 ET SEQ.

141.    RBM realleges and incorporates by reference paragraphs 1 through 79 of the Complaint and paragraphs 80 through 123, 125 through 127, 129 through 130, 132 through 135 and 137 through 140 above.

142.    Denied.

143.    Denied.

144.    Paragraph 144 of the Counterclaim states a conclusion of law and hence does not require a response.

145.    Denied.

## SIXTH COUNTERCLAIM

## UNFAIR COMPETITION

146.    RBM realleges and incorporates by reference paragraphs 1 through 79 of the Complaint and paragraphs 80 through 123, 125 through 127, 129 through 130, 132 through 135, 137 through 140 and 142 through 145 above.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

## SEVENTH COUNTERCLAIM

### COPYRIGHT INFRINGEMENT

151.    RBM realleges and incorporates by reference paragraphs 1 through 79 of the

Complaint and paragraphs 80 through 123, 125 through 127, 129 through 130, 132

through 135, 137 through 140, 142 through 145 and 147 through 150 above.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

## EIGHTH COUNTERCLAIM

### DECLARATORY JUDMENT THAT LASH IS THE OWNER OF THE COPYRIGHT IN THE SOFTWARE

158.    RBM realleges and incorporates by reference paragraphs 1 through 79 of the

Complaint and paragraphs 80 through 123, 125 through 127, 129 through 130, 132

through 135, 137 through 140, 142 through 145, 147 through 150, and 152 through

157 above.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

7

## NINTH COUNTERCLAIM

### ACCOUNTING

164.   RBM realleges and incorporates by reference paragraphs 1 through 79 of the Complaint and paragraphs 80 through 123, 125 through 127, 129 through 130, 132 through 135, 137 through 140, 142 through 145, 147 through 150, 152 through 157, and 159 through 163 above.

165.   Denied.

166.   Denied.

### Second Defense

The Complaint should be dismissed because Lash has failed to register the subject software with the Copyright Office.

### Third Defense

Upon information and belief, Lash engaged in fraud on the Copyright Office in that he made false representations in his application for registration of the subject work, including that he authored the subject work.

### Fourth Defense

By his own actions or conduct, Lash has waived his rights, if any, against RBM.

### Fifth Defense

By his own actions or conduct, Lash is estopped from recovering against RBM.

### Sixth Defense

RBM was authorized by Lash to engage in the allegedly infringing conduct.

### Seventh Defense

Lash is not entitled to relief because of his unclean hands.

### Eighth Defense

The Complaint is barred by laches.

### Ninth Defense

The actions and conduct of RBM have not caused Lash any damages.

### Tenth Defense

Lash has failed to mitigate his damages, if any.

### Eleventh Defense

Lash's prior breach of the contract relieved RBM of any obligations to Lash.

### Twelfth Defense

The Counterclaim fails to state a claim upon which relief can be granted.

WHEREFORE, RBM Technologies, Inc. prays that the Court dismiss the Counterclaims

ith prejudice, award RBM its attorneys' fees and costs, and award such other relief as may be

just.

### JURY TRIAL DEMAND

### RBM DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

RBM TECHNOLOGIES, INC.

By its attorneys,

George A. McLaughlin, III
BBO #544822
The McLaughlin Brothers, P.C.
One Beacon Street, 17th Floor
Boston, MA  02108
(617) 523-7165

Dated:  June 4, 2004

## Certificate of Service

I hereby certify that I caused a copy of the foregoing document to be served by U.S. mail, postage prepaid, upon David Fanikos, Demeo & Associates, P.C., 227 Lewis Wharf, Boston, Massachusetts 02110 and Charles W. Grimes, Grimes & Battersby, LLP, 488 Main Avenue, Norwalk, Connecticut 06851 on this 4th day of June 2004.

George A. McLaughlin, III

H:\RBM Technologies\PLEADINGS\answer to counterclaim.doc

LAW OFFICES OF

# THE McLAUGHLIN BROTHERS, P.C.

FILED
IN CLERKS OFFICE

2004 JUN -7 P 2: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

*One Beacon Street, 17th Floor*
*Boston, MA  02108*
*Telephone (617) 523-7165*
*Facsimile (617) 227-5240*
*E-Mail: lawyers@mclaughlinbrothers.com*

June 4, 2004

Civil Clerk's Office
United States District Court
John Joseph Moakley U.S. Courthouse
Suite 2300
Boston, MA  02210

Re:    RBM Technologies, Inc. v.  Albert L. Lash, IV
       Civil Action No. 04-10063 GAO

Dear Sir/Madam:

Enclosed for filing please find Plaintiff's Answer to Defendant's Counterclaims.

Thank you for your attention to this matter.

Sincerely,

THE McLAUGHLIN BROTHERS, P.C.

By:_____
      George A. McLaughlin, III

GAM/vjp
Enclosures
cc:  David Fanikos, Esq.
     Charles Grimes, Esq.

H:\RBM Technologies\LETTERS\3 5 04 filing federal court.doc