UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10062-GAO

RBM TECHNOLOGIES, INC.,
Plaintiff,

v.

ALBERT L. LASH, IV,
Defendant.

**MEMORANDUM & ORDER**
August 13, 2004

O'TOOLE, D.J.

  The plaintiff, RBM Technologies, Inc. ("RBM"), brought suit against the defendant, Albert L. Lash, IV ("Lash"), in Middlesex Superior Court alleging, among other things, breach of contract based on an employment agreement signed by the parties. One paragraph of the agreement states that any work which Lash were to perform while under the agreement, whether copyrightable, patentable or not, would be the exclusive property of RBM. Lash claims that the contract is void because RBM failed to fulfill certain conditions precedent to its taking effect and, as a result, he, and not RBM, is the rightful owner of the copyright to a program entitled "Merchandising Manager" which is his work product. Lash removed the case based on his assertion that RBM's claim to ownership of the software program arises under the Copyright Amendments Act, 17 U.S.C. §§ 101 *et seq*, so that "federal question" jurisdiction exists. See 28 U.S.C. §§ 1331, 1338.

  RBM has responded to Lash's notice of removal with a motion to remand. In support of its motion, RBM argues that its complaint contains no allegations creating federal jurisdiction over the matter. RBM states that the copyright-related claim is based on state contract law only and therefore

RBM's decision to have the state court hear its claims should be honored. Lash opposes the motion to remand arguing that RBM's complaint is "artfully pled" in order to avoid bringing the case within the jurisdiction of this Court.

Upon consideration of the parties' briefs and after oral argument, I conclude that the case ought to be remanded to the Middlesex Superior Court because it does not meet the requirements of 28 U.S.C. §§ 1331 or 1338.

A.   Summary of Facts

RBM is a developer of marketing and sales management solutions for retail banks and financial institutions. RBM sells a software program, "Merchandising Manager," to banks to help their various branches communicate with one another. RBM alleges that a prototype of "Merchandising Manager" was developed in the winter and spring of 2001. Lash allegedly began doing work for RBM on or about May 1, 2001. Lash claims that he was hired initially as an independent consultant and not as an employee of RBM. Lash claims that before he arrived at RBM, "Merchandising Manager" was merely in the mock-up stage of development and was incapable of functioning as a viable product.

Between May and June 2001, Lash contends that he wrote the source code for "Merchandising Manager" and in July a graphical demonstration of the program was completed. On or about August 1, 2001, Lash and RBM executed an engagement letter outlining the scope of Lash's employment with RBM.

Towards the latter half of 2003, Lash and RBM began to have disputes regarding the marketability of "Merchandising Manager." On December 2, 2003, Lash apparently filed for copyright registration of "Merchandising Manager," but as of the filing of this action

registration had not yet issued. On December 8, 2003, Lash terminated his relationship with RBM, and his attorney sent RBM a letter asserting that Lash was the rightful owner of the copyright to "Merchandising Manager" and demanding that RBM compensate Lash for any revenue generated by RBM's sale or use of the "Merchandising Manager" software.

RBM brought suit in Middlesex Superior Court against Lash for breach of contract, conversion, misappropriation of trade secrets and confidential information, declaratory judgment, and for violation of Mass. Gen. Laws ch. 272, § 99(Q) regarding wire communications. In addition, RBM sought and was granted by the Middlesex Superior Court, a Temporary Restraining Order and Preliminary Injunction enjoining Lash from interfering with the domain name to RBM's internet website.

Lash timely removed the action to this Court and asserted counterclaims against RBM for: (i) a declaratory judgment that the contract in question is void; (ii) breach of contract; (iii) violation of Mass. Gen. Laws ch. 272, § 99(Q) regarding wire communications; (iv) misappropriation of trade secrets and confidential information; (v) violation of the Electronic Communications Privacy Act; (vi) unfair competition; (vii) copyright infringement; (viii) declaratory judgment that Lash is the owner of the copyright in the disputed software; and (ix) an accounting. On the same day he filed his notice of removal, Lash filed a separate action in this Court against RBM alleging copyright infringement and seeking an accounting and a declaratory judgment that he is the owner of the copyright to "Merchandising Manager."

B.	Federal Jurisdiction

Civil actions are removable from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. United States district courts have original jurisdiction of civil actions "arising under" the laws of the United States, 28 U.S.C. § 1331, as well as of any civil action arising under any act of Congress relating to copyrights. 28 U.S.C. § 1338. Whether the claim arises under federal law is determined by reference to the complaint alone; the existence of a potential defense based on federal law does not confer a right to remove. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 399 (1987) ("[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.")

Moreover, the plaintiff is the master of his claim. Caterpillar, 482 U.S. at 392; see also The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon . . . .") (Holmes, J.). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392 (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).

On its face, RBM's complaint does not state a federal question. Although RBM's breach of contract claim is related to copyright law insofar as the contract RBM alleges Lash breached purportedly allocated ownership of a copyrighted program, this is not enough to satisfy the "arising under" requirement. The First Circuit considered a similar issue in Royal v. Leading Edge Prods., 833 F.2d 1, 2 (1st Cir. 1987), stating: "It is settled beyond peradventure that an action does not

4

'arise under' the federal copyright laws merely because it relates to a product that is the subject of a copyright." (citing Topolos v. Caldewey, 698 F.2d 991, 993 (9th Cir. 1983)). Judge Friendly of the Second Circuit Court of Appeals also provided guidance which many courts have found useful:

> Mindful of the hazards of formulation in this treacherous area, we think that an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act . . . or asserts a claim requiring construction of the Act . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.

T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964).

Here, the crux of RBM's claim is whether a valid contract existed between the parties and whether Lash breached that contract. RBM asserts that because the contract is valid, Lash's work product is the exclusive property of RBM and he does not have the right to claim ownership of the copyright to "Merchandising Manager." In opposition, Lash asserts that if he were properly exercising ownership rights over the software then there can be no breach of contract. Lash's reasoning is circular because he ignores the fact that his right to claim ownership depends on an initial resolution of the underlying contract issue.

If, after resolving the essential contract issue, the state court finds it necessary to examine federal copyright law to resolve the dispute, it would certainly be within the court's purview to do so. See Cambridge Literary Props. Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg., 295 F.3d 59, 64 n.4 (1st Cir. 2002); 3 M.Nimmer & D.Nimmer, Nimmer on Copyright § 12.01[A][2] (2004); see also Int'l Armor & Limousine Co. v. Moloney Coachbuilders Inc., 272 F.3d 912, 914 (7th Cir. 2001) (property rights created by federal statutes do not necessarily create claims under federal law when ownership created by such statutes becomes disputed).

C.        <u>Preemption</u>

The defendant also claims that federal copyright law preempts the plaintiff's claims of misappropriation of trade secrets and confidential information cause of action and this provides a basis for federal jurisdiction. Both parties cite <u>Data Gen. Corp. v. Grumman Sys. Support Corp.</u>, 795 F. Supp 501, 507 (D. Mass. 1992), in which the court said, "Legislative history shows that Congress intended that state tort law of misappropriation of trade secrets not be preempted by federal copyright law as long as there is an extra element involving a breached duty to the plaintiff which renders the tort different in kind from copyright infringement."

RBM's claim satisfies this "extra element" requirement. Like the plaintiff in <u>Data General</u>, RBM alleges in its complaint that the defendant misappropriated trade secrets by reason of his breach of the confidentiality agreement contained in his contract with the plaintiff. "Since this claim is premised at least in part on the alleged wrongful acquisition or retention of trade secrets, the claim is not equivalent to, and thus not preempted by, federal copyright law." <u>Id</u>.

The defendant relies on <u>Cuisinarts Corp. v. Appliance Sci. Corp.</u>, No. 5:91-CV 445 (WWE), 1991 U.S. Dist. LEXIS 21021 (D. Conn. Oct. 30, 1991), for his contention that the complaint requires construction of the Copyright Act with respect to issues of authorship and/or co-authorship, work-made-for-hire, derivative works and the "federally-granted rights to reproduce copyrighted work and to prepare derivative works therefrom." Def.'s Notice of Removal ¶ 3 (quoting <u>Cuisinarts Corp</u>,1991 U.S. Dist. LEXIS 21021 at *2). The <u>Cuisinarts</u> decision is distinguishable. The court in <u>Cuisinarts</u> found that the plaintiff's complaint required an initial determination into whether the plaintiff was the owner, under federal copyright principles, of the disputed work. In the instant case, however, the plaintiff seeks to enforce the provisions of the contract wherein Lash purportedly

acknowledged that RBM owned the rights in and to the program at issue. Therefore, unlike in Cuisinarts, the initial inquiry for the court is whether there was a valid contract that was breached.

D.   Conclusion

RBM's complaint neither arises under nor is preempted by federal law. There is no federal jurisdiction over the case pursuant to either 28 U.S.C. §§ 1331 or 1338. RBM's motion to remand is GRANTED. The case is to be returned to the Superior Court.


It is SO ORDERED.


| August 13, 2004 | \s\ George A. O'Toole, Jr. |
| DATE | DISTRICT JUDGE |